IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SHOPPING DELIGHT, INC.,** | |
| Plaintiff, | |
| v. | Case No. 22-cv-01065-SPM |
| **CITY OF BELLEVILLE and SHARI BLAKESLEE,** | |
| Defendants. | |

## MEMORANDUM AND ORDER

### McGLYNN, District Judge:

Defendants City of Belleville and Shari Blakeslee ("Defendants") seek to dismiss the Amended Complaint[1] filed by Plaintiff Shopping Delite, Inc. ("Shopping Delite"). For the reasons set forth below, the Motion to Dismiss (Doc. 23) is **DENIED**.

### BACKGROUND

The following facts alleged by Shopping Delite are accepted as true for purposes of Defendant's motion[2]. FED. R. CIV. P. 10(c); *Arnett v. Webster,* 658 F.3d 742, 751-52 (7th Cir. 2011).

On August 4, 2021, Shopping Delite applied for a Commercial Occupancy Permit with defendants and paid the requisite $100.00 (Doc. 21, ¶ 4). Inspections were permitted in anticipation of Shopping Delite opening as a retail store (*Id.,* ¶5). Although Shopping Delite was originally told its permit application was approved, a

---

[1] Prior to the filing of the Amended Complaint, defendants filed their first Motion to Dismiss. That motion (Doc. 19) was terminated as moot.
[2] The factual information was taken directly from the first amended complaint (Doc.21) and will be cited accordingly.

Page 1 of 2

letter dated May 7, 2022, advised that Shopping Delite was in violation of permitted uses because it was operating an "Adult Oriented Business" (*Id.*, ¶¶ 6-10).

At all relevant times, the City of Belleville had in place an ordinance at Chapter 122 entitled "Adult Entertainment Businesses" (Doc. 21-1). Said ordinance purports to regulate and supervise the operation of "sexually oriented businesses" in the city. (*Id.*).

Based on the application denial and the ordinance itself, Shopping Delite filed its initial claim in this Court (Doc. 1). On July 27, 2022, the First Amended Complaint was filed, wherein Shopping Delite asserts the following two causes of action: (1) The ordinance is unconstitutionally vague; and, (2) The ordinance is unconstitutional under the 1st and 14th Amendments in that it purports to regulate expressive conduct of the store and its patrons (Doc. 21).

On August 18, 2022, defendants moved to dismiss the First Amended Complaint in its entirety (Doc. 23). In their motion to dismiss, defendants first argued that Shopping Delite failed to exhaust administrative remedies in violation of FED. R. CIV. P. 12(b)(1) (*Id.,* pp. 3-4). Defendants also argued that Shopping Delite failed to state a cause of action in violation of FED. R. CIV. P. 12(b)(6), in their Constitutional claims under both the First and Fourteenth Amendments (*Id.*, pp. 4-12). Finally, defendants asserted both *Monell* and the doctrine of qualified immunity as a bar to Shopping Delite's claims (*Id.*, pp. 12-15).

On October 10, 2022, Shopping Delite filed its response in opposition to the motion to dismiss (Doc. 26). Shopping Delite rebutted each of defendant's arguments and emphasized the early stage of this case as well as the significance of its constitutional claims (*Id.*). Plaintiff also stressed that exhaustion was not necessary

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), Shopping Delite must allege "a short and plain statement of [each] claim showing that [it] is entitled to relief." Fed. R. Civ. P. 8(a)(2). That is, it must state a claim "that is plausible on its face" after the Court disregards conclusory allegations. *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In resolving a motion to dismiss under Rule 12(b)(6), the Court accepts Shopping Delite's well-pled factual allegations as true and draws all reasonable inferences in its favor. *Id.* Likewise, facial challenges to standing under Rule 12(b)(1) are assessed using the same "*Twombly–Iqbal* facial plausibility requirement for pleading a claim[.]". *Silha v. ACT, Inc.*, 807 F.3d 169, 174 (7th Cir. 2015).

## ANALYSIS

### I.   Failure to Exhaust Administrative Remedies

Defendants first argue that Shopping Delite lacks subject matter jurisdiction and that its amended complaint should be dismissed for failure to exhaust administrative remedies (Doc. 23). That argument is not persuasive.

To the contrary, the Supreme Court has determined categorically that exhaustion is not a prerequisite to an action under § 1983. *McNeese v. Board of Education,* 373 U.S. 668, 671 (1963). Indeed, "[w]hen federal claims are premised on § 1983 — as they are here — we have not required exhaustion of state judicial or administrative remedies, recognizing the paramount role Congress has assigned to the federal courts to protect constitutional rights". *Patsy v. Board of Regents of State of Fla.*, 457 U.S. 496, 500 (1982).

Accordingly, defendant's motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is denied.

## II. Failure to State a Claim

Defendants next assert that Shopping Delite fails to plausibly assert a cause of action under § 1983 (Doc. 23). This is the pleading stage, not the proving stage. Indeed, the question at this stage is simply whether the complaint includes factual allegations that state a plausible claim for relief. *Fortres Grand Corp. v. Warner Bros. Entm't Inc.,* 763 F.3d 696, 700 (7th Cir.2014) (applying Rule 12(b)(6)). At this time and without the benefit of a fully developed evidentiary record, the Court is not tasked with determining whether Shopping Delite will prevail.

Defendants argue that the first amended complaint should be dismissed because Shopping Delite fails to state a claim that: (1) Belleville's adult-oriented business ordinance is unconstitutionally vague as to violate the Fourteenth Amendment; (2) There are violations of the First and Fourteenth Amendments for unconstitutional regulation of expressive conduct; (3) There is a violation of the Fourteenth Amendment; (4) Satisfies the requirements of *Monell*[3] as to Belleville; and, (5) Is barred by the doctrine of qualified immunity as to Blakeslee (Doc. 23). The problem is that the allegations Shopping Delite is alleging that the ordinance violates the First and Fourteenth Amendment (Doc. 21).

"The First Amendment provides, in part, that 'Congress shall make no law . . . abridging the freedom of speech . . . .'" *Ben's Bar, Inc. v. Vill. of Somerset*, 316 F.3d 702, 707 (7th Cir. 2003) (quoting U.S. Const. amend. I.). "The First Amendment's Free

---

[3] *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978.

Speech Clause has been held by the Supreme Court to apply to the states through the Fourteenth Amendment's due process clause." *Id*. (citing *Gitlow v. People of State of New York*, 268 U.S.

Defendants refer to a Seventh Circuit case wherein a sexually oriented business brought a §1983 action against a city, contending the ordinance in that case closely resembles the one in this case. *Pleasureland Museum, Inc. v. Beutter,* 288 F.3d 988 (7th Cir. 2002). However, that is like comparing apples to oranges. *Pleasureland* was at the summary judgment, not dismissal stage. Again, evaluating the ordinance at this stage would be improper, *i.e.* premature.

The First Amendment protects non-obscene, sexually explicit speech. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 224 (1990). Regulations on sexually explicit speech are typically evaluated under one of two frameworks. Zoning ordinances are considered "time, place, and manner restrictions" and are consequently evaluated under the framework set out in *City of Renton v. Playtime Theatres, Inc.*, 475 U.S. 41 (1986); *City of Los Angeles v. Alameda Books*, Inc., 535 U.S. 425 (2002); *Andy's Restaurant & Lounge, Inc. v. City of Gary*, 466 F.3d 550, 552–53 (7th Cir. 2006). Statutes that impact expressive conduct are evaluated under the framework set out in *United States v. O'Brien,* 391 U.S. 367 (1968).

Shopping Delite's challenge to the whole of the Ordinance does not fit neatly within either framework. It involves restrictions on where Shopping Delite can conduct its business, but also has prohibitions that may impact expressive conduct. However, the central thrust of Shopping Delite's claim is that it is being regulated out of existence through its inability to obtain an occupancy permit. Because these concerns center on

where Shopping Delite may conduct its business, the *Renton/Alameda Books* framework is more appropriate.

In reviewing regulations of adult entertainment establishments, *Renton* and *Alameda Books* instruct me to consider: (1) whether the regulation constitutes an invalid total ban or merely a time, place, and manner regulation, (2) whether the regulation is content-based or content-neutral, and accordingly, whether strict or intermediate scrutiny is to be applied, and, (3) if content-neutral, [apply intermediate scrutiny to determine] whether the regulation is designed to serve a substantial government interest and allows for reasonable alternative channels of communication. *R.V.S., L.L.C. v. City of Rockford*, 361 F.3d 402, 407 (7th Cir. 2004). At this time and without the benefit of a fully developed record; however, I simply have no evidence to consider other than the language of the ordinance itself.

The attached ordinance suggests that it is content neutral and intermediate scrutiny applies for Shopping Delite's claim (Doc. 21-1). *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015) (An ordinance is regarded as content neutral so long as "one purpose" of the ordinance is "to combat harmful secondary effects," even if it is not literally content neutral; *Andy's Restaurant & Lounge, Inc. v. City of Gary*, 466 F.3d at 52–53 ("[I]ntermediate scrutiny is applied if the challenged law is found to be either content neutral or for the purpose of decreasing secondary effects.")

Shopping Delite argues that the ordinance is a total ban on its speech because it cannot obtain the requisite occupancy permit (Doc. 21). Accordingly, Shopping Delite has stated a claim and to dismiss Shopping Delite's claim now, when Belleville has not yet made any affirmative showing of adverse secondary effects and Shopping Delite has

not received a full and fair opportunity to challenge any findings would be premature. Belleville will have its opportunity to present its side of the facts and Shopping Delite its opportunity to challenge those facts.

### III.  *Monell* and Qualified Immunity

At this time and without the opportunity for a fully-developed record, the Court declines to address the issue. Rule 12(b)(6) is not the only way to preserve an official's right to not stand trial or the other burdens of litigation. *See Mitchell v. Forsyth,* 472 U.S. 511 (1985). Indeed, immunity may depend on facts that are not necessary to be pled at this stage. *Hanson v. LeVan*, 967 F.3d 584, 590 (7th Cir. 2020).

## CONCLUSION

In light of the forgoing, Shopping Delite has sufficiently pled multiple causes of action against Defendants and has *plausibly* alleged that it is entitled to relief. Because the purpose of a Rule 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits, any disputed issues may be better suited for disposition on a motion for summary judgment, after the case has been more fully developed through discovery. Accordingly, the motion is DENIED and defendants shall answer the first amended complaint within 21 days, or by, December 21, 2022.

In closing, the Court admonishes plaintiff's counsel as to the tone used in his objection to motion to dismiss. This Court further reminds him that said response had to be prompted through a Rule to Show Cause. Finally, this Court expects all parties to display a modicum of decorum and professionalism via pleadings and court appearances.

**IT IS SO ORDERED.**

**DATED: November 30, 2022**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**